UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 24-10091-AK

UNITED STATES OF AMERICA

v.

FRANK CASTRO

ORDER REGARDING WAIVER OF RIGHT TO COUNSEL

June 26, 2024

Boal, M.J.

Defendant Frank Castro is charged in an indictment with one count of unlawful production of identification documents in violation of 18 U.S.C. §§ 1028(a)(1) and 2(b). Docket No. 1. At his initial appearance in this district on June 14, 2024, Castro indicated that he did not wish to be represented by counsel who was present and available for appointment. He indicated that he wanted to represent himself. For the following reasons, this Court denies the request.

This Court held a hearing on June 25, 2024, to determine whether Castro's decision to proceed pro se was knowing, intelligent, and voluntary. See Faretta v. California, 422 U.S. 806 (1975). At that hearing, defense counsel was again available to Castro, but he declined to consult with him. This Court attempted to conduct a colloquy[1], see United States v. Peppers, 302 F.3d

---

[1] In addition to the questions set forth in the Federal Judicial Center's Benchbook for U.S. District Court Judges § 1.02, see Peppers, 302 F.3d at 136-37, this Court attempted to inquire of Castro regarding his ability to understand the proceedings, including questions about his education and whether he was under the influence of any medication or substance that would impair his ability to understand the proceedings. Furthermore, this Court attempted to ascertain the defendant's appreciation of the seriousness and difficulty of presenting his own defense without legal training. See United States v. Robinson, 753 F.3d 31, 44 (1st Cir. 2014).

1

120, 136-37 (3d Cir. 2002), to determine whether Castro did indeed waive his right to counsel and, if he did, whether such waiver was knowing, intelligent, and voluntary. Castro refused to be sworn and to answer most of the more than twenty questions this Court asked him. He answered directly only three questions: 1) as to his age; 2) whether he had taken any medications or other substances that could affect his ability to understand the proceeding; and 3) whether he had ever represented himself before in a criminal proceeding (but he declined to provide any specifics about the proceeding). Otherwise, he either did not respond at all, asked questions such as what language was the Court speaking, or demanded to see the bar license of the Assistant United States Attorney. He also frequently answered with words to the effect that he did not agree, consent, or understand. I repeatedly warned Castro that his failure to answer my questions could provide a basis to deny his request to represent himself. Yet, he persisted in his refusal to answer questions. Most importantly, when asked if he was willing to give up his right to counsel after hearing about the penalties he might suffer and the hardships in representing himself, he answered with a fixed, non-responsive answer that included that he did not understand.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to be represented by counsel. U.S. CONST. amend. VI. In Faretta, 422 U.S. at 821, 835, the United States Supreme Court held that the Sixth Amendment also guarantees a criminal defendant the right to conduct his own defense. Given the importance of the right to counsel, however, the defendant's decision to represent himself must be stated in unequivocal language and be knowing, intelligent, and voluntary. United States v. Proctor, 166 F.3d 396, 401 (1st Cir. 1999). "The trial judge must explicitly make the defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is

doing and his choice is made with eyes open." Id. at 402 (citations and internal quotation marks omitted).

Because of the importance of the right to counsel, courts should not lightly conclude that a defendant has waived his right to counsel. United States v. Johnson, 980 F.3d 570 (7th Cir. 2020). Rather, courts should indulge every reasonable presumption against waiver. Id. For these reasons, the colloquy itself is important to the determination of whether the defendant understands the rights he is giving up by representing himself. A repeated refusal to provide direct answers to a court's inquiries no matter how simple or straightforward may therefore provide a basis for denial of a person's right to represent himself. See United States v. Helbrans, S3 19-CR-497, 2022 WL 562930, at *9 (Feb. 22, 2022 S.D.N.Y.). In addition, a judge may rely on an unwillingness to abide by courtroom protocol as a reason for denying a defendant's request to represent himself. Id.

Here, Castro's responses to this Court's questions provide no basis for a finding that he made an explicit and knowing waiver of his right to counsel. He did not provide direct answers to most of this Court's questions. He said that he did not understand the charges that were pending against him. I explained that I was not asking whether he agreed with the charges but whether he understood that those were the charges pending against him. He persisted in stating that he did not agree, consent, or understand. He also stated that he did not agree, consent or understand when asked if he waived his right to counsel.

For all these reasons, this Court is unable to find that Castro has made an unequivocal, knowing, intelligent, and voluntary waiver of his right to counsel. Accordingly, I deny Castro's request to represent himself without prejudice to reconsideration should Castro be willing to

answer the Court's questions directly.[2] I appoint the assigned Assistant Federal Public Defender to represent Castro.

                                                         /s/ Jennifer C. Boal
                                                       JENNIFER C. BOAL
                                                       United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this Court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).