UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 24-CR-10091-AK |
| v. | ) |
| FRANK CASTRO, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON WAIVER OF RIGHT TO COUNSEL**

**A. KELLEY, D.J.**

Defendant Frank Castro is charged in an indictment with one count of unlawful production of identification documents in violation of 18 U.S.C. §§ 1028(a)(1) and 2(b). At his initial appearance in this district, and during several other hearings, Castro indicated he did not wish to be represented by counsel and he wants to represent himself.

For the following reasons, Castro's waiver of his right to counsel is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Following Castro's request to proceed *pro se* at his initial appearance on June 14, 2024, Magistrate Judge Jennifer C. Boal set a hearing for June 25, 2024, to determine whether Castro's decision to waive his right to counsel and proceed *pro se* was unequivocal, knowing, intelligent, and voluntary. At that June 25 hearing, defense counsel was available to Castro. Judge Boal attempted to conduct the colloquy set forth in the Federal Judicial Center's Benchmark for U.S. District Court Judges § 1.02. [Dkt. 21 at 1 n.1]. Judge Boal added questions to the colloquy,

1

including: (1) whether Castro appreciated the seriousness and difficulty of presenting his own defense without legal training; and (2) about Castro's ability to follow the proceedings, asking about his education and whether he was under the influence of any medication or substance that would impair his ability to understand. [Id.]. Castro refused to be sworn in or to answer most of the questions asked, answering only three questions: (1) his age; (2) whether he had taken any medications or other substances that could affect his ability to understand the proceeding; and (3) whether he had ever represented himself before in a criminal proceeding. [Id. at 2]. Although Castro stated he had previously represented himself, he declined to provide any specifics about the proceeding. [Id.]. Other than answering the three questions described above, Castro did not respond, or he answered with words to the effect that he did not agree, consent, or understand, to all other questions from the court. [Id.]. Judge Boal determined Castro's decision did not meet the necessary standard and denied his request to proceed *pro se*. [Id.].

Castro then filed a motion for reconsideration through counsel. [Dkt. 28]. Another hearing was conducted on August 22, during which Castro again refused to answer questions. Judge Boal denied Castro's renewed request. [Dkt. 35].

Following the proceedings before Judge Boal, Castro made his first appearance before this Court on November 15, 2024. Castro again requested to proceed *pro se* and waive his right to counsel, but refused or was unable to cooperate with the Court. Although Castro stated that he was aware of the charges against him, was read the maximum penalties, and confirmed that he was following the Court's statements, he again refused to be sworn in or answer several of the Court's questions, stating "I'm not a public servant or a government agent, so I'll be taking no oaths today." Instead, he consistently interrupted the Court, questioned what language the Court was using, asking if the Court was "speaking *English Webster's Dictionary*, which version if you

2

are, or are you speaking *Black's Law Dictionary*, which edition," and stated he would only "consent" to dismissal of the case. Although Castro claimed to have previously represented himself at a trial, the Court has been unable to confirm this information and Castro has refused to answer further questions. His Board of Probation record includes multiple variations of Castro's name, including different middle initials, but Castro refused to confirm his middle name or discuss his experience representing himself in prior proceedings. Additionally, Castro ignored or was unable to heed the Court's warnings regarding interrupting the proceedings and was fixated on documents he wanted to present, including one that he referred to as "his will" that he wished to bring to the Court's attention. At one point, he asked the Court if he should read the definition of "crime," claiming, "It's a breach of legal duty. I don't have a legal duty, a public duty to anybody." Ultimately, the Court adjourned the proceeding and took the motion under consideration, as Castro was clearly agitated and unable to or refused to answer any additional questions.

In a second attempt to determine if Castro was making a knowing, intelligent, and voluntary waiver of his right to counsel, Castro appeared before this Court on December 5, 2024. For the fourth time, the Court attempted to conduct a colloquy regarding Castro's request to waive his right to counsel. Castro again was unable to or refused to answer questions, interrupted the Court, claiming "I don't give nobody here dominion over me and no authority over me," and questioned the Court's use of the word "understand," at one point stating, "[t]here you go saying 'understand.' You tried to sneak that word in there. You tried it last time, too." At another point, he said, "[i]t's not a mistake. I make a mistake once, not seven times. I'm counting all the times you said it. That's the seventh time you said 'understand.'" Castro also again questioned if the Court was speaking using *Black's Law Dictionary* or *English Webster's*

*Dictionary*. Later in the proceeding, Castro appeared disorganized and asked the Court: "Are you waiving your privilege right or not?" Reading from a notepad, he rambled, "[w]aiver of privilege, the voluntary relinquish by right, exemption or immunity. The voluntary relinquishment or abandonment expressed or implied over a legal right or advantage forfeiture, waiver of notice. The party alleged to have waived a right must have both knowledge of the existing right and the intention of forgoing it. So are you waiving your immunity by—Are you waiving your privilege immunity?" He continued with similar interruptions throughout the hearing despite being told on at least three occasions that he needed to cooperate with the Court's questions as it evaluated his competency and considered his request to waive his right to counsel. Despite the warnings, Castro said, "[s]top asking questions. I'm not answering any questions." Throughout the hearing, Castro was physically shaking and appeared emotionally agitated. The Court concluded the hearing, taking Castro's motion under consideration.

## II.    DISCUSSION

A criminal defendant has the right to reject the appointment of counsel and represent himself. Faretta v. California, 422 U.S. 806, 814-17, 835 (1975). However, the waiver of the right to counsel must be made knowingly, voluntarily, and intelligently. Id. (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)); see also United States v. Proctor, 166 F.3d 396, 401 (1st Cir. 1999). "Given the potential adverse consequences associated with self-representation, a trial judge must be sure the accused 'knows what he is doing and his choice is made with eyes open.'" United States v. Manjarrez, 306 F.3d 1175, 1179 (1st Cir. 2002) (quoting Faretta, 422 U.S. at 835 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942))).

There is no specific colloquy that must be followed to confirm the waiver of the accused's right to counsel. See United States v. LaBare, 191 F.3d 60, 67-68 (1st Cir. 1999)

4

(upholding a waiver in which the defendant with prior convictions was told that he would be a "fool" for representing himself); United States v. Kneeland, 148 F.3d 6, 11 (1st Cir. 1998) (upholding a waiver after the court told the defendant that he would be at a significant disadvantage if he proceeded *pro se*); United States v. Benefield, 942 F.2d 60, 64-65 (1st Cir. 1991) (finding that a defendant with a seventh grade education effectively waived his right to counsel based on his prior involvement in criminal trials). But courts should not lightly conclude a defendant has waived his right to counsel and should indulge every reasonable presumption against waiver. Proctor, 166 F.3d at 402. As a result, a defendant's decision to proceed *pro se* must be stated in "unequivocal language." Id. at 401; see also United States v. Gonzalez-Arias, 946 F.3d 17, 37 (1st Cir. 2019) ("That presumption [against waiver] only bends if the waiver was '"clear and unequivocal"; otherwise, a "court should not deprive defendant of his right to counsel."'" (quoting United States v. Betancourt-Arretuche, 933 F.2d 89, 92 (1st Cir. 1991))).

Even where waiver of counsel is found to be knowing and intelligent, a court "may deny the right to act *pro se* where the defendant deliberately engages in serious and obstructionist misconduct, or is not able and willing to abide by rules of procedure and courtroom protocol." United States v. Hausa, 922 F.3d 129, 135 (2d Cir. 2019) (quoting Clark v. Perez, 510 F.3d 382, 395 (2d Cir. 2008)). "[A] judge *may* use willingness and ability to abide by courtroom protocol as prerequisites for accepting a defendant's waiver of his right to counsel . . . ." Davis v. Grant, 532 F.3d 132, 143 (2d Cir. 2008) (emphasis in original). The right to self-representation "is not a license to abuse the dignity of the courtroom." Clark, 510 F.3d at 395 (quoting Faretta, 422 U.S. at 834 n.46).

There is no doubt that Castro has made several unequivocal requests to proceed *pro se* without the assistance of either court-appointed or retained counsel. He did so at his initial

appearance, at the June 25 hearing, in the motion for reconsideration, in letters filed on the docket [Dkts. 50, 51], and at both of his appearances before this Court. Thus, the Court must determine if this unequivocal waiver is knowing, voluntary, and intelligent.

Although there is no specific colloquy that must be followed to confirm the waiver, the Court must use some form of a colloquy ensure that Castro knows and understands the choices he is making. Faretta, 422 U.S. at 835; Manjarrez, 306 F.3d at 1179; LaBare, 191 F.3d at 67-68. As described above, on four separate occasions, Castro refused to be sworn in or answer most questions from either this Court or from Judge Boal to sufficiently assure the Court that Castro's waiver was knowing, intelligent, and voluntary. His refusal to answer questions makes it impossible for this Court to assess his understanding of the waiver of his right to counsel. Accordingly, without more, Castro fails to overcome every reasonable presumption against waiver. Proctor, 166 F.3d at 402. Instead, Castro's interruptions, unwillingness to answer questions, and nonsensical claims raised questions of competency, far short of the required guarantees necessary for Castro to waive his right to counsel and proceed *pro se*. See [Dkt. 56] (ordering a competency evaluation of Castro, pursuant to 18 U.S.C. §§ 4241(b) & 4247(b) and (c)).

On a separate note, Castro's refusal to comply with the Court's instructions or to answer questions posed by this Court and by Judge Boal, raise questions regarding his ability to abide by rules of procedure and courtroom protocol. Contra Hausa, 922 F.3d at 135-36. Castro provided no assurances that he would be able to do so if he represented himself, further underscoring the Court's concerns regarding his attempted waiver. Even though Castro's several requests to proceed *pro se*, both orally and in writing, demonstrate an unequivocal waiver, Castro's constant interruptions, failure or inability to participate in any type of colloquy, and other concerning

6

behaviors, make it impossible to determine that Castro's waiver of his right to counsel is knowing, voluntary, and intelligent.

### III.   CONCLUSION

For the foregoing reasons, Castro's waiver of his right to counsel is **DENIED WITHOUT PREJUDICE**.

Additionally, despite Castro's current refusal to take part in any colloquy, this Court further ORDERS appointed counsel to review the below colloquy, generally adopted from the Federal Judicial Center's Benchmark for U.S. District Court Judges § 1.02, which this Court will use as a general guide to determine if Castro's waiver is knowing, voluntary, and intelligent, should Castro renew his request. The questions include:

1. Have you ever studied law?
2. Have you ever represented yourself in a criminal action?
3. Do you understand that you are charged with these crimes: 18 U.S.C. §§ 1028(a)(1) and 2(b)?
4. Do you understand that if you are found guilty of the crime charged, the court must impose a special assessment of $100 and could sentence you to as many as 15 years in prison, impose a term of supervised release that follows imprisonment, and fine you as much as $250,000?
5. Do you understand that there are advisory Sentencing Guidelines that may have an effect on your sentence if you are found guilty?
6. Do you understand that if you represent yourself, I cannot tell you or even advise you how you should try your case?
7. Are you familiar with the Federal Rules of Evidence? Do you understand that the rules of evidence govern what evidence may or may not be introduced at trial, that in representing yourself, you must abide by those very technical rules, and that they will not be relaxed for your benefit?
8. Are you familiar with the Federal Rules of Criminal Procedure? Do you understand that those rules govern the way a criminal action is tried in federal court, that you are bound by those rules, and that they will not be relaxed for your benefit?
9. I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself.  I think it is unwise of you to try to represent yourself.  You are not familiar with the law.  You are not familiar with court procedure.  You are not familiar with the rules of evidence.  I strongly urge you not to try to represent yourself.

10. Now, in light of the penalty that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?
11. Is your decision entirely voluntary?

Finally, this Court further ORDERS appointed counsel to consult with the United States Probation and Pretrial Services Office to ascertain whether Castro has, in fact, represented himself at trial in prior proceedings and whether the Board of Probation record is accurate considering the issues raised about Castro's identity and the variations in his name.

**SO ORDERED.**

Dated: January 14, 2025                                /s/ Angel Kelley
                                                      Hon. Angel Kelley
                                                      United States District Judge